[No. 18441.    Department Two.—November 27, 1895.]

JOSIAH BIDDICK, Respondent, *v.* JOHN B. KOB-
LER, Appellant.

Quieting Title—Evidence—Townsite Patent—Trust for Occupants
—Proof of Occupancy—Deed of Superior Judge not Conclusive.
In an action to quiet title, where the land in controversy is part of a
·townsite, which was surveyed and platted under section 2387 of the
Revised Statutes of the United States, and a patent was issued therefor
to the superior judge, in trust for the occupants, which trust was ad-
ministered by the superior judge under the act of the legislature of
California, approved March 30, 1868, and the amendments thereof, a
·deed of the superior judge to the plaintiff, in so far as it includes land
which had never been in the occupancy of the plaintiff, but which is
shown to have been, at the time of the patent and prior to the applica-
tion therefor, in the occupancy of the defendant, is not conclusive
against the defendant; and the defendant is entitled to prove his occu-
pancy and his right thereto as against the plaintiff.

Id.—Offer of Evidence—Improper Method—Presumption of Consent
—Erroneous Ruling.—Although a mere general offer of evidence to
prove a variety of things, without producing the witnesses or evidence
whereby they are to be proved, is an improper method of presenting
offered evidence, yet, where no objection is made to the form of the
offer upon the ground that the offer was an improper method, but
objection is only taken to the evidence offered, it will be presumed upon
appeal that the method used in making the offer was by consent; and, if
the evidence offered is improperly rejected, the judgment will be re-
versed for the erroneous ruling.

APPEAL from a judgment of the Superior Court of
Plumas County.    G. G. CLOUGH, Judge.

The facts are stated in the opinion of the court.

*C. E. McLaughlin*, for Appellant.

The lower court erred in refusing to allow defendant
to show "That at the time the survey and application
for patent was made the land here in dispute was
within the inclosure and fence of defendant, and was
·occupied by him.    That the land was at no time in the
possession of or occupied by plaintiff."    It was the duty
·of the surveyor to ascertain and plat the precise bound-
aries and area of the land within defendant's inclosure.
(Stats. 1868, sec. 3, p. 693.)    The patent conveys to the

superior judge the land within the townsite, "in trust for the several use and benefit of the occupants." (U. S. Rev. Stats., sec. 2387.) The act of Congress is the paramount law. The legislature in prescribing rules for the execution of the trust cannot limit or extend the rights of claimants, or dispose of the trust in any other manner than is prescribed by the act of Congress, and if there is any provision to that effect in the statutes of this state, it is clearly inoperative and void. (*Lechler* v. *Chapin*, 12 Nev. 71; *Winfield Town Co.* v. *Maris*, 11 Kan. 128; *Clark* v. *Titus*, 11 Pac. Rep. 312 (Ariz., July 8, 1886); *Cofield* v. *McClelland*, 16 Wall. 335; *Pueblo* v. *Budd*, 19 Col. 579.) If the deed is given to a person not an occupant, that fact may be shown, and then the deed falls as absolutely void and of no effect. The trustee had no authority to execute it. (*Treadway* v. *Wilder*, 8 Nev. 98, 99; 9 Nev. 71; *Rathbone* v. *Sterling*, 25 Kan. 444; *Stringfellow* v. *Cain*, 99 U. S. 610; *Ashby* v. *Hall*, 119 U. S. 526; *Hall* v. *Ashby*, 2 Mont. 489; *Helena* v. *Albertose*, 8 Mont. 506.) The occupants acquire an absolute right the moment the land is entered. (*Pueblo* v. *Budd*, *supra*; *Eversdon* v. *Mayhew*, 65 Cal. 165; *Neil* v. *McNear*, 57 Cal. 426; *Cerf* v. *Pfleging*, 94 Cal. 134; *Morgan* v. *Lones*, 80 Cal. 319; *Townsend* v. *Little*, 109 U. S. 504.) Lands occupied but unclaimed could only be sold or disposed of under section 12. (Stats. 1868, pp. 696, 697.) An occupant within the meaning of the law is one who is a settler or resident, and in *bona fide* actual possession of the lot at the time the entry was made. (*Pratt* v. *Young*, 1 Utah, 347; *Cain* v. *Young*, 1 Utah, 361; *Lechler* v. *Chapin*, *supra*.) As an occupant, defendant was the equitable owner, in whom was vested an estate of inheritance, and to whom the trust must descend. (*Watson* v. *Sutro*, 86 Cal. 527.) The title was still the possessory title quieted by a release to the occupants of the title of the United States. It was still affected by the previous acts of the owners as though no new title had been acquired. (*Cerf* v. *Pfleging*, *supra*.) Acquiescence for a long period of years

in the boundary established estopped plaintiff to say that it was not the true boundary. (*Cavanaugh* v. *Jackson*, 91 Cal. 583; *Burris* v. *Fitch*, 76 Cal. 396, 397; *Helm* v. *Wilson*, 76 Cal. 483; *White* v. *Spreckels*, 75 Cal. 616; *Truett* v. *Adams*, 66 Cal. 223.) This is akin to the statute of limitations, and is admissible to show that while a party had title, he has lost it by his acts or omissions. (Code Civ. Proc., secs. 1870, 1962, 1963; *Columbet* v. *Pacheco*, 48 Cal. 397; *Burris* v. *Fitch*, *supra*.)

*Goodwin & Webb*, for Respondent.

It is not competent for counsel to make an offer of proof without stating to the court that he can sustain it by competent witnesses. (Thompson on Trials, secs. 678, 685.) It is the uniform practice of this state to present the witness or other character of proof at the time of making the offer. (*Chamberlin* v. *Vance*, 51 Cal. 77–9; *Hogaboom* v. *Ehrhardt*, 58 Cal. 232; *Bostwick* v. *Mahoney*, 73 Cal. 239, 240; 2 Am. St. Rep. 814.) When a tender of proof is made of facts in mass, some of which are admissible and some not, the offer is properly rejected as a whole. (Thompson on Trials, sec. 678; *Bostwick* v. *Mahoney*, *supra*; *Smith* v. *Arsenal Bank*, 104 Pa. St. 519.) Appellant must maintain that the deed from the judge to plaintiff is void for want of authority to execute it. This deed, like the patent which preceded it, is on general principles conclusive of every other question. (*Davis* v. *Weibold*, 139 U. S. 529, 530; *Irvine* v. *Tarbat*, 105 Cal. 237.) The occupants of the townsite were to be determined, and the trust executed under such regulations as the legislative authority of the state or territory in which the same were situated should prescribe. (Rev. Stats., sec. 2387.) The power to execute the trust was vested in the county judge by the act of the legislature of this state. (Stats. as amended in 1871.) Under section 24 of the statutes of 1873–74 the defendant cannot be heard to say that the law had not been pursued correctly in issuing the deed to plaintiff. (*Lechler* v. *Chapin*, 12 Nev. 75.) Plaintiff is not estopped be-

cause of his long acquiescence in the boundary, as that principle applies only where title was vested in the parties fixing and maintaining the boundary. (*Ross* v. *Evans*, 65 Cal. 442, 443; *Lechler* v. *Chapin*, *supra*.)

THE COURT.—This action is prosecuted to quiet title to a small parcel of land claimed by the plaintiff to be a part of lot 3 in block 5 in the town of Crescent Mills, in Plumas county. The complaint is in the usual form.

The premises in controversy are within the townsite of Crescent Mills (an incorporated town), which was surveyed and platted in 1882 upon public lands of the United States, under the provisions of section 2387 of the United States Revised Statutes authorizing the judge of the county court to enter lands settled upon and occupied as a townsite, and for which a patent was issued by the United States, October 26, 1888, to the superior judge of said county, "in trust for the several use and benefit of the occupants thereof according to their respective interests; the execution of which trust, as to the disposal of the lots in such town, and the proceeds of the sales thereof, to be conducted under such regulations as may be prescribed by the legislative authority of the state or territory in which the same may be situated."

The statute under which said trust was administered was the act of our legislature, approved March 30, 1868, and the amendments thereof. (For the original act see Stats. 1867–68, p. 692, and as amended see Stats. 1885, p. 115, or 1 Deering's Codes, under sec. 4442, p. 723.)

The plaintiff claims under a deed executed by the superior judge January 7, 1890, which purports to convey to him lot 3 in block 5, "as appears from the official plat of the survey of said townsite now on file and of record in the office of the county recorder of said Plumas county."

The defendant, in addition to denials, alleged that for more than twenty-two years before the commencement of the action, and at the time the townsite was surveyed

and platted, he was, and ever since has been, the sole and exclusive occupant of the disputed premises, and that neither the plaintiff nor his grantor had ever been in the possession or occupation thereof; that in 1871 defendant inclosed his lot and erected a boundary or division fence between the lands of plaintiff and defendant, and inclosed within defendant's inclosure the land in dispute; that plaintiff and his grantor agreed to and acquiesced in said boundary; that the said parcel in controversy had ever since remained inclosed as part of defendant's lot, and cultivated and improved as such, adversely to the plaintiff, down to the present time, and that he had paid all taxes thereon.

Plaintiff introduced in evidence the original plat and field notes of the townsite, and described the parcel in litigation (a triangular piece of ground in the southeast corner of lot 3), and also the patent for the townsite, and the said deed from the superior judge for said lot 3, and rested.

Thereupon counsel for the defendant offered to prove that in 1871 defendant built a line or division fence between his lot and that of the plaintiff which included within the boundaries and inclosure of the defendant the land here in dispute; that at the time the survey and application for patent were made the land in controversy was so within the inclosure of defendant, and was occupied by him; that the land in question was never at any time in the possession or occupancy of the plaintiff; that the boundary line or fence above mentioned was acquiesced in by the grantor of plaintiff and by the plaintiff for more than twenty-two years; that defendant had been in the adverse possession of the parcel in controversy, occupying and claiming the same, ever since 1872, and had paid all taxes, state, county, and municipal, levied upon the same, though the land, since 1882, has been assessed according to the town plat, which it was always supposed indicated the fence as the boundary between the two lots.

Plaintiff objected "to the offer as immaterial, in-

competent, and irrelevant with the exception of that we stated" (referring to the statute of limitations). The court thereupon ruled that "it is incompetent and immaterial as the statute stands," and made findings and entered judgment for the plaintiff. The defendant appeals from the judgment, the facts being brought into the record by a bill of exceptions; and the question here is whether the facts so offered to be proved would, if proved by competent evidence, constitute a defense to the action.

A mere general "offer" to prove a variety of things, without producing the witnesses or evidence whereby they are to be proved, or segregating the different items, is an improper method of presenting offered evidence, and should not be allowed unless by consent of parties. In the case at bar, however, the objection was not made upon the ground that the offer was an improper method; and therefore we will assume that this method was used by consent. And we think that the court below erred in sustaining the objection to appellant's said offer.

The appellant should have been allowed to prove, if he could, that when the deed of the judge was made to respondent, and during all of the time when preliminary steps were being taken to acquire title to the townsite and distribute the same to those entitled to particular parcels of land, the appellant was in the actual possession of the part of the lot here in contest, and that, therefore, respondent was not, during said time, the occupant thereof or in any way entitled to the same. Under the grant of Congress particular parcels of land are to go to the "occupants," or those entitled to the occupancy thereof; and the trust is to be executed under such regulations as the legislature of the state may prescribe. It was said by the supreme court of Kansas in *Rathbone* v. *Sterling*, 25 Kan. 448: "We do not doubt the power of the legislature to provide for a contest and decision in the first instance, and before the probate judge or commissioners, and to give to such trial all the

force and effect of a regular trial before a court"; and although, under the "regulations" prescribed by the legislature of California, the superior judge does not act judicially, but merely makes deeds under certain circumstances as a matter of course, still a provision that a deed of the judge should be conclusive against *all persons* who should not bring actions against the grantees within a specified time would, no doubt, be valid. There are provisions of that kind in our statute as to *certain* persons; but we find nothing of the kind which is applicable to one in the alleged position of appellant —that is, one in the actual possession and occupancy of a piece of land and entitled to such occupancy. There are only three provisions of the statute relating to the conclusiveness of the judge's deed—section 24 (of the act of March 12, 1885), section 11 and section 10. Section 24 relates merely to the regularity of the preliminary proceedings; section 11, refers merely to the bringing of an action by a "party out of possession"; and section 10 provides that an action for "the recovery of the possession of such premises" must be brought within a certain time after the recording of the deed. Appellant's rights are not affected by either of these provisions. Whether or not he has any right in the premises which would warrant a court in giving him any affirmative relief is not a question in this case. Respondent brought this action relying upon his paper title, viz., his deed from the judge; and appellant may rely upon his actual possession as a defense to the action, if he can show that at the time of the execution of said deed he was the occupant and *entitled to the occupancy* of the land in contest, and respondent never was either the occupant or entitled to the occupancy of said land. If respondent was not the occupant, within the meaning of the grant of Congress, he was not entitled to the deed from the judge; and, as we have seen, there is no statutory provision making the deed conclusive as against appellant. These views are sustained by the following authorities, which, indeed, go much farther in the same

direction than we are called upon to go here: *Tread-way* v. *Wilder*, 8 Nev. 91; 9 Nev. 71; *Lechler* v. *Chapin,* 12 Nev. 65; *Rathbone* v. *Sterling, supra; Helena* v. *Alber-tose,* 8 Mont. 499; *Hall* v. *Ashby,* 2 Mont. 489.

The judgment is reversed, and the cause remanded for a new trial.