[Civ. No. 6738. First Appellate District, Division One.—May 15, 1929.]

IRENE BRYAN, Respondent, v. A. B. BANKS et al., Appellants.

750

Janeway, Beach & Pratt and S. T. Hanky for Appellants.

S. Laz Lansburgh, Alfred C. Skaife and S. Joseph Thiesen for Respondent.

CAMPBELL, J., *pro tem.*—This is an action on a promissory note of defendants Carrere and Hawley in the sum of $14,400, payable in installments, with attorneys' fees in case of suit, payment thereof being assumed by appellant Carrere & Hawley, Inc., a corporation, and payment of one-half thereof being assumed by appellant Banks; the stock of Carrere & Hawley, Inc., with the exception of one share, issued for the purpose of incorporating, was owned wholly by Carrere and Hawley. On this note $2,400 had been paid, leaving $12,000 unpaid, but only $4,800 thereof was due at the time of the filing of the amended complaint,

and for this amount, and not for the full amount of the note, the court rendered judgment against all the defendants, with interest, attorneys' fees and costs. From this judgment defendants Banks and Carrere & Hawley, Inc., have appealed.

The record discloses the following facts: About December 20, 1924, defendants C. F. Carrere and C. O. Hawley acquired from R. W. and Edythe T. Sloan all the shares of the capital stock of The Agency Company of California, an insurance general agency, in consideration whereof they executed and delivered to the Sloans their note for $18,000. Shortly thereafter Carrere and Hawley, thus owning all the shares of stock of that company, caused the company to transfer to them individually all its assets, consisting of its going business, the furniture and fixtures in its San Francisco and Los Angeles offices and its general agency contract with the Home Insurance Company, in consideration of which they assumed the payment of the Agency Company's debts. Disputes having thereafter arisen between them and the Sloans, a compromise was effected about March 11, 1925, by which the Sloans surrendered their note for $18,000 and a prior note for $8,000, and Carrere and Hawley executed the $14,400 note in suit to Mrs. Sloan. Meanwhile Carrere and Hawley formed the Carrere & Hawley, Inc., corporation, issuing to themselves all of its 100 shares of stock, excepting one share issued to one Miller as a qualifying share for the purpose of incorporating, ninety-seven shares thereof being deposited in escrow pursuant to the order of the commissioner of corporations, and on May 4, 1925, after having meanwhile carried on the acquired business as partners, they transferred to the new corporation all of the assets which they had through the Sloans acquired from the Agency Company, the furniture and fixtures valued at $25,000 and the agency contract with the Home Insurance Company. On October 14, 1925, the board of directors of appellant corporation adopted a resolution reciting that Carrere and Hawley "entered into an agreement with R. W. Sloan and Edythe T. Sloan for the payment to them of the sum of fifteen thousand dollars in installments of $300 per month (note in suit) for and in consideration of all their right, title and interest in and to certain prop-

erty and assets belonging to and forming a part of the property and assets of Carrere & Hawley, Inc., and whereas this corporation has received the benefit of said contract and is in possession and use of the property aforesaid, and the said obligation is therefore properly the obligation of this corporation and not of Charles F. Carrere and C. O. Hawley as individuals," and resolved that "this corporation does hereby assume and agree to pay the said contract aforesaid (note in question) and to hold harmless the said Charles F. Carrere and C. O. Hawley from the payment of the balance due thereon, and does hereby ratify, confirm and approve any and all payments heretofore made on account of said contract from and out of the funds of this corporation." In pursuance of this resolution appellant corporation executed its formal instrument under its seal by which it "for and in consideration of the sum of $1.00 and other valuable considerations (the receipt whereof is hereby acknowledged) has assumed and agreed to pay the balance due" on the Sloan note. Eight payments of $300 each made on the note were paid by appellant corporation. Further payments thereon were discontinued when a garnishment against R. W. Sloan was levied upon the corporation, the corporation promising to resume payments as soon as the garnishment should be released. During all this time Carrere and Hawley owned all the capital stock of the corporation, and they continued to own it until appellant Banks, by agreement dated October 4, 1925, purchased from Hawley all the latter's shares in the corporation. By this agreement Banks obligated himself to hold Hawley harmless from "all obligations and liability" growing out of and represented by the Sloan note, the agreement further providing "it being understood and agreed that the obligation assumed . . . extends only to one-half the amount of said note." At the time this agreement was signed—October 28, 1925—Hawley had applied to the commissioner of corporations for a permit to transfer the stock and the permit was granted on November 27, 1925. Hawley performed his part of the agreement and Banks kept the stock. True, Hawley testified that at the time of signing the agreement he had not "personally" secured the permit and had no permit. This testimony, however, is not inconsistent with the fact that the permit

may have been procured for him by someone else, and in support of the findings, in the absence of other evidence, and in support of the presumption of innocence of wrong-doing, it will be presumed that the agreement was not delivered or the stock sold until after the permit had been obtained. On May 25, 1926, Hawley served upon Banks, but not upon Mrs. Sloan, his "notice of election to rescind and notice of re-entry" in which he notified Banks "that I elect to rescind said contract and hereby make demand upon you for the delivery to me of the possession of the premises constituting the Los Angeles branch office of Carrere & Hawley, Inc." Appellant Banks never com-plied with this demand, nor did he transfer the shares to Hawley. On June 10, 1926, Mrs. Sloan indorsed and as-signed the note and all her claims against defendants to the plaintiff Irene Bryan, and on June 12, 1926, this action was commenced.

Appellants urge that the judgment is erroneous for the following reasons: 1. That the indemnity contracts of Oc-tober 15, 1925, and October 28, 1925, are not contracts made expressly for the benefit of a third person and that there-fore the plaintiff's assignor, Edythe T. Sloan, had no right of action against the appellants; 2. That the corporation received no consideration for its contract of indemnity of October 15, 1925, in favor of Carrere and Hawley indi-vidually and, therefore, the contract is not binding on the corporation; 3. That the resolution of October 14, 1925, is void, two out of three of the directors being disqualified from voting by reason of interest, and the contract of indemnity of October 15, 1925, executed in pursuance of such resolution, is also therefore void; 4. That the contract of indemnity of October 28, 1925, between Hawley and Banks is void, being in violation of the commissioner's permit of April 6, 1925, and it is therefore unenforceable;. 5. That the said contract of indemnity of October 28, 1925, was rescinded by the notice of rescission of May 25, 1926, previously to the commencement of this action; 6. That in any event the decision of the trial court is erroneous in that it gives judgment against the appellant Banks for the full amount owing under the note and suit, whereas the contract of October 28, 1925, which is the basis of the al-leged liability, only obligates him to pay one-half thereof;

754

■ As has been said, Carrere and Hawley owned all of the stock of Carrere & Hawley, Inc., from the time of its organization until Hawley's transfer to Banks, including the one qualifying share placed in the name of Miller. They were the only persons interested in the company. They were conducting the business they had acquired from the Sloans, and upon the organization of the corporation they transferred this business with its assets to their own corporation. They took over in the form of a corporation the business and assets which they had previously conducted as a partnership, together with its obligations. The corporation was simply the partnership of Carrere and Hawley in another form. The corporation having received the benefits with the consent of the owners of all of the stock and having ratified and acknowledged the debt, the corporation will not be permitted to dodge or escape liability for the obligations arising upon such agreement by the plea that the contract was made without observance of the formal requisites or prerequisites prescribed by its charter or by-laws with respect to the making of contracts, or because of the interest of the directors, Carrere and Hawley—the owners of the entire stock in the subject matter of the contract. (*Commercial S. Co.* v. *Modesto Drug Co.,* 43 Cal. App. 162 [184 Pac. 964]; see, also, *Hygienic H. F. Co.* v. *Grant,* 187 Cal. 431 [202 Pac. 653]; *Chambers* v. *Security etc. Bank,* 51 Cal. App. 212 [196 Pac. 488]; *San Ramon Valley Bank* v. *Walden Co.,* 53 Cal. App. 534 [200 Pac. 662].) ■ While it is the general rule that a corporation is an entity separate and distinct from its stockholders, it is equally well settled that both law and equity will, when necessary to circumvent fraud, protect the rights of third persons, and accomplish justice, disregard this distinct existence and treat them as identical (*Erkenbrecher* v. *Grant,* 187 Cal. 7 [200 Pac. 641]; *Deming* v. *Maas,* 18 Cal. App. 330 [123 Pac. 204]). Equity will look through form to substance where corporations are but the mere instrumentalities through which the associates acted (*Wise Realty Co.* v. *Stewart,* 169 Cal. 176 [146 Pac. 534]; *Conover* v. *Smith,* 83 Cal. App. 227 [256 Pac. 835]).

■ There is no merit in appellants' contention that the corporation received no consideration for its contract of indemnity. Its resolution authorizing the assumption

of the note recites that the corporation "has received the benefit" of the note "and is in possession and use of the property (conveyed in consideration of the note) and the said obligation is therefore properly the obligation of this corporation." ▇ The agreement was simply a renewal in another form by Carrere and Hawley of their pre-existing obligation, and "the agreement being in writing, the presumption is that there was a sufficient consideration (sec. 1614, Civ. Code), and to overcome this presumption it was incumbent upon appellant to allege and prove the contrary" (*Flint* v. *Giguiere*, 50 Cal. App. 314, 318 [195 Pac. 85, 88]). Furthermore, want of consideration of a promissory note or other written instrument is new matter and must be specially pleaded (*Rivera* v. *Cappa*, 29 Cal. App. 496 [156 Pac. 1016, 1017]), which was not done.

▇ As to the claim that the contract of indemnity between Hawley and Banks is in violation of the Corporate Securities Act (Stats. 1917, p. 673), it may be said that violation of the corporation commissioner's permit is neither pleaded nor proven. ▇ The burden of proving such defense rested upon appellants. The evidence shows that a permit for this transfer was obtained, and if we concede that there is some uncertainty as to just when the transfer was made, it is obvious that in accordance with the presumption of innocence of crime or wrongdoing and in support of the findings and judgment it must be presumed that the transfer was made under permit of the commissioner of corporations and is legal and valid. ▇ It must further be remembered that Mrs. Sloan did not participate in the making of the agreement and was not therefore *in pari delicto* with Hawley and Banks.

▇ As has been said, Carrere and Hawley constituted the "close corporation" and when Banks purchased Hawley's shares and assumed his obligations under the note, he stepped into Hawley's shoes, thus becoming a part of this "close corporation." Carrere & Hawley, Inc., by its resolution acknowledged that the note was properly its own obligation and expressly agreed to pay it, and Banks in turn assumed Hawley's obligations thereunder by a written agreement specially mentioning this note. As counsel for appellants state, "both contracts are in similar terms, the promisor agreeing to pay the debt owing by the prom-

isee to a third person." Each purchased property subject to pre-existing indebtedness incurred as a part of the purchase price thereof, and each assumed such indebtedness and in each agreement the note is specially mentioned. It is difficult to see how these agreements could have been more expressly made for Mrs. Sloan's benefit. █ The common law is still the law of this state except where expressly modified by statute. The provision of section 1559 of the Civil Code that "a contract made expressly for the benefit of a third person may be enforced by him" is but a restatement of the common law, which, however, goes further. This provision is affirmative only. It is not equivalent to providing that a contract not expressly made for the benefit of a third person cannot be enforced by him. The decisions generally do not limit the remedy of the third party by the word "expressly." As was said in *Chung Kee v. Davidson*, 73 Cal. 522, 525 [15 Pac. 100, 102], "It is not necessary that the parties for whose benefit the contract has been made should be named in the contract." In *Allen v. Freear*, 50 Cal. App. 645, 647 [195 Pac. 748, 749], the court says: "Where property is held under the consideration, as here, that the purchaser is to pay off the indebtedness of the seller, the creditors, although not mentioned, have a right to come in as being those of a class for whose benefit such contract was made (*Sherwood v. Gill*, 36 Cal. App. 707 [173 Pac. 171])," and section 2777 of the Civil Code provides: "One who indemnifies another against an act to be done by the latter, is liable jointly with the person indemnified, and separately to each person injured by such act."

Carrere & Hawley, Inc., and A. B. Banks were the indemnifiers, Carrere and Hawley the persons indemnified. Mrs. Sloan was the person for whose benefit the contract was made—the person injured, and the subsequent default or nonpayment was the future act indemnified against and by which she suffered injury. Therefore appellants became jointly liable with Carrere and Hawley to Mrs. Sloan. The status of an indemnifier has been stated thus: "The action is in substance against the indemnifier—the real party in interest" (*Dutil v. Pacheco*, 21 Cal. 438, 442 [82 Am. Dec. 749]). "The indemnifiers are the real parties defendant" (*Moore v. McSleeper*, 102 Cal. 277, 282 [36 Pac. 593, 595]).

In *Moore* v. *Los Angeles I. & S. Co.* (Cir. Ct. S. D. Cal.), 89 Fed. 73, wherein the liability of an indemnitor was enforced in favor of an injured third person, the court uses this language: "While said section (Cal. Civ. Code, sec. 2777) unquestionably embraces the class mentioned by defendants, it likewise includes, I think, all cases of indemnity against future contingencies. In other words, it broadens and makes applicable to all such cases the rule previously applied by the court to that class of indemnity contracts where the indemnitor was held to be a joint trespasser or tort feasor with the indemnitee. Thus the section does in the case at bar what the garnishment did in *Anoka Lumber Co.* v. *Fidelity & Casualty Co.* (63 Minn. 286 [30 L. R. A. 689, 65 N. W. 353])—makes the policy of assurance inure directly to the benefit of the injured person, and in addition thereto, allows such person to proceed against the indemnitor separately or jointly with the indemnitee."

The case of *Treloar* v. *Keil & Hannon,* 36 Cal. App. 159 [171 Pac. 823], cited by appellants, is not analogous to the facts here presented. In that case no obligation was assumed nor was there any indemnity against obligation and liability and this distinction is pointed out by the court in that case. The policy provided that no action should lie except for loss actually sustained and paid. The court bases its decision upon subdivision 2 of section 2778 of the Civil Code providing that upon an indemnity against "claims or demands" no recovery can be had "without payment thereof." The present case comes within subdivision 1 of that section, providing that upon an indemnity against "liability" the person indemnified is entitled to recover "upon becoming liable." In the recent case of *Wurdeman* v. *Waller,* 88 Cal. App. 393 [263 Pac. 558], it is held that the promise of a purchaser of a business, made in consideration of the transfer, to assume and discharge an indebtedness of the seller to a third person, is obligatory on him.

We have examined the authorities cited by appellants and find nothing in any of them at variance with the rule announced in these cases.

Appellants urge that the Hawley-Banks contract was rescinded, citing section 1559 of the Civil Code: "A contract made expressly for the benefit of a third person may be enforced at any time before the parties rescind it,"

and "where nothing is received to restore, an offer to restore is impossible" (*McNeese* v. *McNeese,* 190 Cal. 402, 405 [213 Pac. 36, 38]). The "notice of election to rescind and notice of re-entry" do not constitute a present rescission, and are ineffective as to Mrs. Sloan, no notice of rescission being served upon her. The notice states that Hawley "will by the proper legal means and procedure establish the *status quo* existing prior to the execution of said contract." The actual rescission, such as it was, took place later, after the commencement of the action, when it was a release or rescission in part only, and could not affect Mrs. Sloan or her assignee, the plaintiff. No right of rescission so as to affect the rights of a third party is conferred by either section 2777 or 2854 of the Civil Code. The rights of a third party under each of these sections are vested at the time of the execution of the indemnity agreement in the one case and the receipt of security by the surety in the other, and these rights cannot be divested without the consent of such third party.

The release of July 30, 1926, recites that by the agreement of October 28, 1925, Hawley had "transferred and assigned" certain shares of capital stock of Carrere & Hawley, Inc., referring to it as a past and completed transaction. Banks retained these shares and other personal property which he had acquired from Hawley under the former contract, thereby ratifying and confirming it, and it was continued in force as to certain of its provisions, including all liability accrued or hereafter to accrue, to the Home Accident Insurance Company and the Home Fire Insurance Company, but not as to the assumption of the note, which they endeavored to release by a release executed after the commencement of the action, which constituted both an acceptance and an enforcement by plaintiff of the contract of assumption (*More* v. *Hutchinson,* 187 Cal. 625 [203 Pac. 97]), and it is therefore ineffective as to the plaintiff. As is said in *Beckwith* v. *Sheldon,* 165 Cal. 319, 324 [131 Pac. 1049, 1051], "It is, of course, fundamental that where the rights of others have intervened and circumstances have so far changed that rescission may not be decreed without injury to those parties and their rights, rescission will be denied and the complaining party left to his other remedies (*Meyers* v. *Merillion,* 118 Cal. 352 [50 Pac. 662])."

As to the contention that the decision is erroneous as to defendant Banks, in that it gives judgment for the full amount sued for, whereas he only obligated himself to pay one-half, it may be said that the note is in the principal sum of $14,400, "one-half the amount of the note" is therefore $7,200. The judgment, being for $4,800, besides attorneys' fees, interest and costs, is considerably less than one-half of the amount of the note.

There is no warrant for appellant Banks' contention that his liability extends to only one-half of the amount due on the note. This construction can only be reached by interpolating the words "due on" in the agreement, which are not there.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 14, 1929, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 11, 1929.

All the Justices present concurred.