[S. F. No. 15450. In Bank.—March 31, 1936.]

MAY A. GARRATT, Appellant, v. A. H. BAKER et al., Respondents.

Charles H. Sooy for Appellant.

T. C. Van Ness, Jr., Charles Dalmage Sooy and H. B. M. Miller, as *Amici Curiae* on Behalf of Appellant.

Christopher M. Bradley for Respondents.

LANGDON, J.—The plaintiff appeals from a judgment entered in favor of defendants after a demurrer to her complaint was sustained without leave to amend.

The allegations of the complaint are simple. Three persons, decedent Edward C. Garratt, defendant A. H. Baker and defendant John Callahan, all married men, were engaged in business as partners. They entered into an agreement by the terms of which each agreed that in the event of the death of any one of them, the two survivors would pay to the widow of the deceased partner the sum of $500 per month as long as they and she should live. Edward C. Garratt died November 19, 1932. Plaintiff is his surviving widow. The other partners paid the monthly sum above specified for some time, and then refused to make further payments. Plaintiff brought this action for $4,750, the amount alleged to be in arrears.

The position of the defendants, in which the lower court concurred, was that the agreement as set forth in the complaint was an illegal wagering contract, and hence wholly void. It is also contended that it lacks consideration, is unenforceable by reason of the statute of frauds, and is neither a valid insurance contract nor a contract for the benefit of a third party. In our opinion, none of these contentions is sound.

█ The object of the agreement seems perfectly clear and thoroughly proper. Members of a partnership, desirous of continuing the business without interruption upon the death of one of them, agree that instead of permitting the business to be wound up and the partnership assets to be sold to meet the needs of the decedent's widow, they will undertake the personal obligation of such support. It is said that such arrangements are common, and in view of the practical advantages that are realized, there is no reason why they should not be. It is also said that insurance policies are available under which the partners may "reinsure", that is, may secure a policy which will assure payments to the partnership sufficient to meet the obligation assumed toward the widow. It is difficult to see how a contract between partners which carries out in a satisfactory manner the object of assuring support to the widow of a deceased partner can be against public policy. It has none of the characteristics of a bet or wager. None of the "betting" partners receives the "stake"; the first widow is the only beneficiary. Nor is there anything

peculiar in the fact that only one person benefits under the agreement. There were but three partners, and upon the death of a second member the partnership could not continue as such, and the object of the arrangement would fail.

The agreement meets all of the requirements of a contract for the benefit of a third party. It was expressly for the benefit of one of the three possible surviving widows, and it was not necessary that the beneficiary be named and identified as an individual. A third party may enforce a contract where he shows that he is a member of a class of persons for whose benefit it was made. (*Woodhead Lumber Co.* v. *E. G. Niemann Investments,* 99 Cal. App. 456 [278 Pac. 913] ; *Bryan* v. *Banks,* 98 Cal. App. 748 [277 Pac. 1075].)

The suggestion is made that the third party beneficiary cannot recover, under the California rule, where the parties have previously rescinded the contract. There is nothing in the complaint from which rescission may be inferred, and since this defense must be pleaded (*Stanton* v. *Santa Ana Sugar Co.,* 84 Cal. App. 206 [257 Pac. 907] ), it cannot be considered on demurrer.

It is suggested also that the agreement is void for lack of consideration, since the two surviving partners could gain nothing by it; but the mutual promises of the three partners were obviously sufficient as consideration. (See *Papadakos* v. *Soares,* 177 Cal. 411 [170 Pac. 1114].)

It is further argued that the agreement is oral, and was not to be performed during the lifetime of the promisor. It is unnecessary to determine whether this objection has any merit, for the complaint does not show that the agreement was oral, and under the settled presumption of a writing in the case of contracts within the statute of frauds the objection cannot be raised by demurrer. (See *Warfield* v. *Basso,* 62 Cal. App. 47 [216 Pac. 48].)

None of the objections to the agreement can be sustained, and the demurrer should have been overruled.

The judgment is reversed with directions to the trial court to overrule the demurrer, and permit defendants, if they so desire, to answer.

Curtis, J., Thompson, J., Shenk, J., Seawell, J., Waste, C. J., and Conrey, J., concurred.

Rehearing denied.