[Civ. No. 10956. First Appellate District, Division Two.—December 13, 1939.]

BENJAMIN LINCOLN TOWNS, Appellant, v. ROYAL E. TOWNS, Respondent.

George Ingraham for Appellant.

John .C. Stirat and Heber James Brown for Respondent.

NOURSE, P. J.—Plaintiff sued to cancel an assignment of a portion of his interest in the Estate of William Towns, deceased. The defendant by cross-complaint prayed that his title to a fourth interest in the residue of the estate be quieted. Judgment was in favor of the defendant on his cross-complaint and against plaintiff on his complaint.

Plaintiff and Wallace and Henry Towns are brothers of the decedent William Towns. They were all named residuary legatees in his will. Defendant Royal Towns is a half-brother. He was not named in the will. While plaintiff was in New Orleans he was notified that William was seri-

ously ill. He left immediately by automobile and arrived in Oakland at 5:30 P. M., December 15, 1936. He then learned that William was dead. He was in conversation with Wallace and Henry until 12 o'clock of that night. All three agreed to meet at a lawyer's office at 10 o'clock A. M. the following day. At that time the three were in consultation for about an hour and all agreed to execute an assignment to defendant Royal of a proportionate interest of each of their undivided one-third interest in the residue of the estate. Three separate assignments were prepared by the lawyer, each duly executed by all three brothers and left with the lawyer with instructions to file with the probate court. On April 29, 1937, the plaintiff made a formal revocation of his contract.

The case which appellant seeks to establish is that undue influence was used by his brothers while he was in a weakened mental and physical condition due to his long drive and to the grief over the death of William, that he stood in a confidential relation with his two brothers of which they took an unfair advantage; that there was no consideration for the assignment and no valid delivery to the assignee.

■ The trial court found that there was no mental weakness on the part of appellant when he executed the assignment, and that he acted with full knowledge of what he was doing. The appellant does not attack this finding. He cites some evidence which is in conflict with that upon which the finding is based, but it is settled law that conflicting evidence alone cannot upset the finding.

■ The court found that there was no confidential relationship between appellant and his brothers, and that appellant did not rely upon said brothers in executing said assignment, but acted independently and without influence or coercion. The appellant cites his own testimony that he would not have signed the paper if he had not had confidence in his brother Wallace. The evidence of all the circumstances surrounding the transaction fully supports the finding; and that puts an end to this part of the controversy.

■ The contention that the assignment was without legal consideration is without merit. Aside from the presumption of consideration from the writing itself it was part of appellant's testimony that the assignment was made upon the

plea of Wallace that, since the will did not mention Royal (the defendant), "Henry and I have agreed to let Royal in. If you don't sign the paper there will be a big scandal and people will talk." But since the assignment was expressly made "in consideration of like assignments of like interests by each of the other residuary legatees", the mutual promises between the three brothers were sufficient consideration. (*Garratt* v. *Baker*, 5 Cal. (2d) 745 [56 Pac. (2d) 225].)

■ The question of delivery of the assignment is simple. The evidence is that each of the three brothers executed practically identical assignments at the same time, that the lawyer who prepared them tendered each brother his assignment explaining that they should be filed in the estate proceedings, that all three requested the lawyer to file them. This constitutes a constructive delivery under the provisions of section 1059 of the Civil Code.

■ Appellant argues that it was error to permit the lawyer who drew the assignment to testify and to permit him to appear in the "dual capacity" as attorney for the respondent. The burden of appellant's argument on the issues of unfair practice and undue influence rests upon his testimony that he had no legal advice from this lawyer. The evidence shows clearly that this lawyer acted merely as a scrivener to prepare the documents suggested by the brothers of appellant. There is no evidence of a confidential relation between appellant and the lawyer which would make the latter incompetent to testify or bar him from defending the case.

■ Finally appellant argues that there is no evidence to support the finding that the cross-complainant and respondent was entitled to have his title quieted to an undivided one-fourth interest in the residue of the estate. There is no contention that the parties did not intend and agree to assign to respondent such proportionate share of their one-third interest in the residue as would give to respondent and the three brothers an undivided one-fourth of the whole. The only contention is that respondent did not make proof of the allegations of his cross-complaint which would entitle him to a decree quieting his title to such one-fourth interest. A complete answer is that when respondent started to put in his proof appellant voluntarily admitted "anything that I can admit". It is axiomatic that when essential facts are

admitted during the trial, evidence to prove them becomes unnecessary.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.