[L. A. No. 18275.   In Bank.   Aug. 3, 1942.]

EMILE A. DOUILLARD et al., Respondents, v. MELANIE
D. WOODD, Appellant.

Daniel A. Knapp and Fred W. Heath for Appellant.

Thomas Higgins, Jr., and J. M. Clements for Respondents.

EDMONDS, J.—Following the administration of the estate of Emily S. Donahue, the respondents, who were legatees under her will, sued the appellant, the principal beneficiary of it, upon an asserted oral contract by which Mrs. Woodd agreed to divide her legacy with them. The appeal is from a judgment rendered in accordance with the respondents' complaint.

All of the parties are heirs of Mrs. Donahue, who bequeathed $10,000 to her daughter, Mrs. Woodd, "in appreciation of her devotion and service to me in many ways for many years." After directing that each grandchild and great-grandchild be paid $50 from her estate, Mrs. Donahue devised the residue of her estate to Mrs. Woodd and the respondents in stated shares. The probate court decreed distribution accordingly.

According to the complaint, Mrs. Woodd orally agreed with the respondents that if they would not contest the will, she would divide her legacy of $10,000 between herself and them in the same proportions designated by Mrs. Donahue for the division of the residue of her estate. By way of answer, Mrs. Woodd denied that she made that agreement. She also pleaded three affirmative defenses: (1) That before distribution of the estate, all of the legatees entered into a written novation

of all prior agreements, and that under such novation, they are not entitled to the relief sought in their complaint; (2) that the alleged contract violated section 1973 (1) of the Code of Civil Procedure, requiring an agreement to be in writing where, by its terms, it is not to be performed within a year from the making thereof; and (3) that the legatees, by the terms of the written receipts of their distributive shares of the estate, waived any right to enforce the asserted agreement.

The trial court found that Mrs. Woodd made the contract alleged by the respondents in consideration of their forebearing to contest the will of Mrs. Donahue, and that these legatees had performed their part of the agreement by permitting the estate to be administered, without contest, in accordance with the terms of the will. Upon the issues raised by the affirmative defenses of Mrs. Woodd, the court found that there was no novation or waiver of any rights under the oral contract and that the contract does not violate the statute of frauds. Judgment was entered accordingly.

The appellant contends that the evidence is insufficient to support the findings concerning the making of the oral contract and that there was no later novation or a waiver of rights under it; also that the court committed prejudicial error in sustaining objections to certain evidence offered by her. The respondents insist that the evidence is sufficient to support the trial court's findings on all of the issues. And according to these heirs, the questions to which the trial court sustained objection were directed to discussions relative to the division of the residue of the estate, and had no bearing upon either the issue of whether an agreement had been made by the parties or whether a novation had replaced the original agreement to divide the special legacy.

When the case was before the District Court of Appeal, a controversy arose concerning the transcript. The appellant charged that much of the testimony stated in the bill of exceptions settled by the trial judge is incorrect. The District Court of Appeal appointed a referee to examine the record, and, upon his report, it settled a supplemental bill of exceptions, which corrected the bill settled and allowed by the trial judge to make it conform to the reporter's transcript, and added certain testimony and rulings which had been omitted.

Considering only the testimony as corrected by the sup-

plemental bill of exceptions, there is substantial evidence to support the judgment. Four of the respondents and the wives of two of them testified positively that Mrs. Woodd agreed to divide the $10,000, as charged in the complaint, provided they did not contest the will. Two other witnesses testified to separate conversations with the appellant, on which occasions Mrs. Woodd told them that she intended to divide her legacy among the other heirs as soon as she received it.

Although the terms of the contract are not too clearly established by this evidence, the testimony in its entirety supports the finding of the trial court that Mrs. Woodd agreed to divide her $10,000 legacy with the respondents. ■ The promise on their part not to contest the will constituted a valuable consideration for the agreement. (*Bacon* v. *Kessel,* 31 Cal. App. (2d) 245 [87 P. (2d) 857]. ■ It was not necessary that mutual promises be exchanged between the appellant and every legatee; any one of the respondents, not a party to the agreement, as a third party beneficiary, might enforce the agreement made for his benefit. *Garratt* v. *Baker,* 5 Cal. (2d) 745 [56 P. (2d) 225] ; *Woodhead Lumber Co.* v. *E. G. Niemann Investments,* 99 Cal. App. 456 [278 Pac. 913] ; *Bryan* v. *Banks,* 98 Cal. App. 748 [277 Pac. 1075].) ■ And although Mrs. Woodd testified positively that she made no such contract, this only presented to the trier of fact an irreconcilable conflict which it was his duty to determine. Under such circumstances the power of an appellate court, so far as any question as to the sufficiency of the evidence is concerned, begins and ends with a determination as to whether there is any substantial evidence contradicted or uncontradicted which will support the finding of fact. (*Raggio* v. *Mallory,* 10 Cal. (2d) 723 [76 P. (2d) 660] ; *Bellon* v. *Silver Gate Theatres, Inc.,* 4 Cal. (2d) 1 [47 P. (2d) 462] ; *Estate of Winzeler,* 42 Cal. App. (2d) 246 [108 P. (2d) 720] ; *Estate of Filippi,* 9 Cal. App. (2d) 407 [49 P. (2d) 892].)

■ The appellant contends, however, that even though such an agreement may have been entered into by her, yet the "Memorandum of Agreement" signed at a later time by all of the legatees constituted a novation of the contract. But the memorandum is specifically limited by its terms to a division of the property "to be distributed to us as residuary legatees" and on its face this writing is in no way inconsis-

tent with the separate agreement on the part of Mrs. Woodd to divide her special legacy among them. For the same reason, the receipts signed by the respondents for their distributive shares of the residue of the estate may be held to apply only to their rights under the terms of the will, even though these documents recite that certain property is accepted "in full settlement, payment and release of all claims against said estate as legatee or otherwise, and against the executrix." There is no evidence to show that, in signing such a receipt, any legatee intended to waive his rights against the appellant in her individual capacity.

The only remaining objections of the appellant relate to the exclusion of certain evidence offered by her at the trial. These questions were directed to the appellant by her counsel and related to the negotiations leading up to the signing of the contract for the distribution of the residue among the legatees. Under this contract, Mrs. Woodd agreed to accept a large building, whose appraised value exceeded her residuary share, and to pay the difference between the value of her residuary share and the value of the building into the estate to equalize her share.

Referring to the negotiations preliminary to this agreement Mrs. Woodd testified: "All through the meeting it was that I should take the big building, because I had the $10,-000.00 to buy it . . . they wanted me to use my $10,000.00 for it." The appellant now complains that the court erroneously sustained objections to subsequent questions specifically asking whether each legatee had then told her that she could make up the difference for the large building out of her $10,-000. The witness clearly included all of the legatees in her testimony and the court stated, in sustaining the objections to continued questioning along this line, that "there is sufficient for the record on that now." A trial judge is not bound to allow cumulative testimony upon the same point and as the record shows that he understood Mrs. Woodd as having testified generally to the same facts concerning which answers were sought particularly, the appellant has no cause for complaint. Nor is there any merit to the contention that the facts related by her established a novation. Essential requirements for a novation are a recognition of the pre-existing contract and an intention to substitute the new agreement for the old one. (Civ. Code, §§ 1530-1532.)

Before the taking of evidence was concluded, counsel

for the appellant offered to show by the testimony of the appellant and "by other witnesses" that the respondents affirmatively took positions which were entirely inconsistent with and directly negatived the asserted agreement to divide the appellant's legacy. But the appellant did not state the names of these witnesses nor the facts to which any one of them would testify. A mere general offer of proof without producing the witness or stating the evidence whereby the fact in issue is to be proved, or, if the witness be present, without putting a question to him in such form as to give opportunity for objection, is not correct trial procedure and it affords no ground for appeal. (*Rose* v. *Doe*, 4 Cal. App. 680 [89 Pac. 135]; *Biddick* v. *Kobler*, 110 Cal. 191 [42 Pac. 578]; *Dohrman* v. *J. B. Roof, Inc.*, 108 Cal. App. 456 [291 Pac. 879]; *Liberty Bank* v. *Ernst*, 93 Cal. App. 560 [269 Pac. 959].)

The judgment is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Carter, J., and Traynor, J., concurred.