[Civ. No. 6448. First Appellate District, Division Two.—March 12, 1929.]

UNITED STATES FIDELITY & GUARANTY CO. (a Corporation), Respondent, v. J. L. SMITH, Appellant.

J. L. Smith and W. L. Southwell for Appellant.

Thomas M. Foley for Respondent.

KOFORD, P. J.—The respondent recovered judgment for $423.75 against the defendant for attorney fees and costs expended by respondent in defending a certain action at law prosecuted against it by reason of having become surety upon a bond given by appellant to the creditors of Force-Hewitt Company for the faithful performance of his duties as trustee for said creditors. The execution of the bond was admitted by the answer. ▇ The execution of the application for the bond was denied on information and belief only. It was presumptively in his knowledge and could not be so denied (*Curtis* v. *Richards*, 9 Cal. 33, 38), although it was evidently treated at the trial as sufficient. The trial court's finding No. 3 describes the covenant upon which defendant's liability in this action is founded as follows: "That it is true that in the application for said bond and undertaking executed by said J. L. Smith, it was agreed in writing among other things, that the defendant, J. L. Smith, would indemnify and save the plaintiff harmless from any and all loss, costs, charges, suits, damages, counsel fees and expenses of whatever kind or nature which the said plaintiff shall have or may for any cause at any time sustain or incur, or be put to for or by reason or in consequence of said company having executed the said bond as surety." The court also found that W. J. Somers Company, one of the creditors of said Force-Hewitt Company, obtained a judgment against appellant as such trustee and that within four years prior to the commencement of this action and

while said bond was in full force and effect respondent was sued as surety on said bond by George B. Somers as assignee of said W. J. Somers Company; that respondent in good faith employed attorneys to defend the suit and did expend $600 for their attorney's fee, which was reasonable, and $123.75 necessary legal costs in defending said action; that each of the allegations in defendant's answer and cross-complaint were untrue and gave respondent judgment for $423.75. This, apparently, was only one-half of the $600 attorney fees paid out by respondent, but this is only a surmise because the judgment does not specify whether the $423.75 is for costs or attorney fees or for both or all for attorney fees and none for costs.

At the trial respondent was unable to produce the original application for the bond, but produced a photographic copy of it instead. Upon objection being made by appellant and after some argument it was agreed to go forward with the trial, using the photographic copy instead of the original, but with the agreement that the original would be produced before judgment was rendered. The trial then proceeded to the end and was submitted without continuance, reference being again made to the original application which had been agreed to be produced, but nothing was said by either party or the court at that time about how or when the original application would be produced and nothing was said about any continuance of the trial for that purpose. After the lapse of more than a month respondent produced and handed to the clerk of the trial court *ex parte* the said original application, applied to the court and obtained findings and judgment. The exact understanding in respect to just how the said original application was to be produced and under what circumstances is not clear in the record. Appellant's understanding is stated to be that a further hearing of some kind should have been held. The respondent's counsel apparently thought he was carrying out the agreement by merely filing the document with the clerk before judgment, but it appears to us that appellant should have been given an opportunity to examine the original application and point out any discrepancies or defects that he might be able to find in the same. Upon the oral argument in this court appellant, who appeared *in propria persona* and by attorney, was asked by the court what injury he had suffered by reason of the irregularity and he stated that with-

out examining the document he would be unable to state. Thereupon this court ordered certified and transmitted to it from the clerk of the trial court the identical photographic copy used at the trial which had been produced here but not certified and upon the following day under authority of Code of Civil Procedure, section 956a, permitted respondent to produce here the said original application. Appellant was sworn and identified his signature upon the same and was granted leave to indicate any discrepancies between the photographic copy duly certified by the clerk and said original. None were pointed out and the photographic copy appears to us to be a faithful and exact reproduction of the original. Appellant has not here suggested any defense which he could have made in the trial court if the same procedure had been adopted by the trial court nor offered any such defense here. We therefore hold that no injury or reversible error occurred at the trial in respect to this incident.

■ Appellant contends that the suit against the respondent, indemnity for the expense of which the judgment herein was given, was based upon a false claim and hence appellant's agreement to indemnify respondent contained in his application for the bond does not include that suit. The testimony shows that after Somers & Company obtained a judgment against appellant it then sued respondent on the bond. The respondent herein filed in that action a demurrer which was overruled. Judgment went against respondent for failure to answer over. Then respondent appealed. The district court of appeal reversed the trial court's judgment. The supreme court first affirmed the trial court and later in bank reversed the trial court, holding that the cause of action of Somers & Company against respondent was barred by the statute of limitations. (*Somers* v. *United States Fidelity & Guaranty Co.*, 191 Cal. 542 [217 Pac. 746].) That opinion sets out a copy of the bond and holds that because the bond was a contract of suretyship and guaranty instead of a contract of indemnity the cause of action accrued against the respondent herein sooner than otherwise and consequently was barred by the statute of limitations. Digressing for the moment, it should be noted that in the opinion denying a rehearing the court points out that it had previously decided that Somers & Company was a creditor of "the assignor and the obligee included in the bond," which, by reference to the previous decision

found in 65 Cal. Dec. 12, means that the court found that Somers & Company was a creditor of Force-Hewitt Company. We mention this in passing because it is claimed by appellant herein that the evidence at the trial of this case fails to show this fact. Returning now to the appellant's point based on the assertion that the said action against respondent was founded on a false claim, the opinion of the supreme court in *Somers* v. *United States Fidelity & Guaranty Co.*, 191 Cal. 542 [217 Pac. 746], shows clearly that the obligation sued upon was covered by the bond and the respondent herein successfully defended the suit only because of the statute of limitations. That the defense was not maintained without a struggle is clear from the fact that three decisions on appeal were written in the case. Regardless of this fact, however, the language of appellant's covenant of indemnity contained in the application for the bond recited in the findings above noted is broad enough to cover that litigation. The respondent defended the action necessarily and in good faith as shown by the findings and the evidence and this brings the case under the provisions of Civil Code, section 2778, subdivision 3, and of appellant's covenant in the bond application. (31 Cor. Jur. 436.) By this covenant appellant agreed to save respondent harmless from counsel fees and expenses which respondent might sustain "by reason or in consequence of said company (respondent) having executed the said bond as surety." If it was necessary for appellant to have actually breached his duty as trustee before he could be called upon to indemnify respondent for the expense of the second action which was against respondent as surety, such breach was established by the judgment of Somers & Company against him which preceded the action against respondent.

This cause of action was not barred by the statute of limitations. The action was based upon appellant's written obligation. The action in which such expenditures were made was commenced less than four years before this action. The cause of action, however, did not accrue until the expenditures were made and that occurred less than one year before the commencement of the action.

Appellant also claims that he was personally employed as counsel to be associated with respondent's regular attorneys of record; that he acted in that capacity; that his

services were reasonably worth more than the amount paid respondent's said regular counsel; that upon an implied contract respondent owes him as much as is claimed from him and that therefore the two items offset one another. It should be perfectly obvious that if respondent should pay appellant any amount for counsel fees thereupon by force of appellant's indemnity covenant he would be obliged to immediately pay it back to respondent as indemnity. It offsets itself. The court furthermore found to be untrue all the allegations of appellant upon which this claim is based.

The remaining points raised by appellant constitute attacks upon the sufficiency of the evidence to show the necessity and good faith of the expenditures made by respondent in defending the litigation as found by the court. It is claimed that it is not proven that Somers & Company, which obtained the judgment against appellant, were creditors of Force-Hewitt Company. That judgment was received in evidence at the trial, but appellant has not incorporated it in his bill of exceptions or transcript. We must assume, therefore, that it showed that the plaintiff therein was a creditor of Force-Hewitt Company as determined by the trial court's findings herein and by the supreme court when reviewing the judgment in *Somers* v. *United States F. & G. Co.*, 191 Cal. 542 [217 Pac. 746]. The evidence also supports the findings declaring the good faith, necessity and reasonableness of the respondent's expenditures in employing attorneys and disbursing costs. That respondent waived its judgment against Somers & Company for costs of suit in return for a dismissal of the action does not mean that such costs cannot be recovered from appellant. From what appears in the record it was necessary and expedient and resulted in keeping down the total amount for which appellant became liable. It was done in good faith to finally dispose of the litigation.

Respondent's complaint that the court failed to allow the full amount of attorney fees and costs which the undisputed evidence and findings show it to have expended cannot be considered by this court because respondent did not appeal.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.

Appellant's application for leave to file a petition for a rehearing of this cause after expiration of the time for filing the same as prescribed by the rules of court was denied by the District Court of Appeal on April 11, 1929.