[Civ. No. 6714. First Appellate District, Division One.—June 18, 1929.]

WOODHEAD LUMBER COMPANY (a Corporation), Appellant, v. E. G. NIEMANN INVESTMENTS, INC., a Corporation, Defendant; DETROIT FIDELITY AND SURETY COMPANY (a Corporation), Respondent.

Loyd Wright, Wendell P. Hubbard and Charles E. Millikan, for Appellant.

J. Karl Lobdell, W. Watt and Charles E. R. Fulcher for Respondent.

LUCAS, J., *pro tem.*—Appellant Woodhead Lumber Company, a corporation, appeals from a judgment of dismissal entered after the court sustained the demurrer of defendant and respondent Detroit Fidelity and Surety Company to appellant's amended complaint, without leave to amend.

The amended complaint in substance alleges that on or about December 5, 1925, defendant E. G. Niemann Investments, Inc., the owner of certain real property situate in the city of Los Angeles, entered into a contract with appellant by which it was agreed that the latter would furnish services and materials to said defendant to be used in the construction of a building to be erected upon said real property; that appellant with the knowledge and consent of said defendant and between the dates of February 26, 1926, and April 24, 1926, furnished such materials and performed such services, the reasonable value of which was the sum of $6,443.60, but that no part thereof, other than a small sum credited for materials returned, has been paid.

It is further alleged that the respondent Detroit Fidelity and Surety Company, on or about January 14, 1926, entered into a contract of surety with said defendant E. G. Niemann Investments, Inc., by which contract the said surety company became bound unto the California Mortgage Company in the sum of $50,000. Portions of said bond are set out *in haec verba*. After reciting that the principal named therein, to wit, E. G. Niemann Investments, Inc., was the owner of the real property above referred to and was about to construct a three-story brick apartment building thereon and that said mortgage company had agreed to loan the said owner $50,000, taking as security a first mortgage on its property, providing a bond was furnished as thereinafter conditioned, the bond provided:

"Now, therefore, the condition of this obligation is such that if the principal (the owner) shall indemnify the obligee (the mortgage company) against any and all loss directly arising by reason of the failure of the principal to fully complete said apartment building as per plans and specifications on file with California Mortgage Company, and shall also pay in full the claims of all persons performing labor upon or furnishing materials to be used in such work, then this obligation shall be void; otherwise to remain in full force and effect."

It is then alleged in said amended complaint that "said bond was conditioned upon the payment in full of all claims of all persons performing labor upon or furnishing materials on the above-described property, and that the said bond by its terms was made to inure to the benefit of any and all persons who performed labor upon or furnished materials to be used in the work" on said real property.

Judgment was asked for the value of the materials furnished and services rendered by appellant.

The respondent Detroit Fidelity and Surety Company demurred on the ground that said amended complaint did not state facts sufficient to constitute a cause of action, and on the further ground of uncertainty. We find no uncertainty existing in the complaint.

Appellant's action is based upon the asserted right to sue as a third party beneficiary, it being urged that, given a liberal construction, the contract of surety between respondent Detroit Fidelity and Surety Company and defendant

E. G. Niemann Investments, Inc., should be properly held to inure to appellant's benefit.

Respondent contends that while the contract of suretyship if enforced would incidentally benefit appellant, the contract itself shows it was not made for appellant's benefit and that the allegations to the effect it was so made are conclusions of the pleader and should be treated as mere surplusage.

Section 1559 of the Civil Code furnishes the rule that: "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."

Conversely, it is the law that third parties who are but remotely or incidentally benefited may not enforce a contract. (*Buckley* v. *Gray,* 110 Cal. 339 [52 Am. St. Rep. 88, 31 L. R. A. 862, 42 Pac. 900] ; *Chung Kee* v. *Davidson,* 73 Cal. 522 [15 Pac. 100].)

But, in order for a third party to successfully contend that he was more than incidentally benefited and that the contract was made for his benefit, it is not necessary that he should be referred to by name in the contract—it is sufficient to allege and prove that he is one of a class of persons for whose benefit the contract was made. (*McKeever* v. *Oregon Mortgage Co.,* 60 Mont. 270 [198 Pac. 752] ; *People's Lumber Co.* v. *Gillard,* 136 Cal. 55 [68 Pac. 576].)

It is also the law that the question whether a contract is intended for the benefit of a third person is one of construction, and that the intent must be gathered from reading the contract as a whole in the light of the circumstances under which it was entered into. (6 R. C. L., p. 887.)

It appears from the allegations of the amended complaint that the circumstances under which the contract of surety in question was entered into were these: Defendant E. G. Niemann Investments, Inc., was the owner of a lot upon which it desired to construct an apartment building. It needed money, services and materials. The California Mortgage Company agreed to furnish the money and appellant Woodhead Lumber Company agreed to furnish at least a portion of the services and materials. But the mortgage company wanted assurance that its money would be returned with interest and appellant wanted to know that its services

and materials would be paid for. To secure its loan the mortgage company insisted upon a first mortgage on the property and a $50,000 bond securing it against loss in the event the building was not completed. With the payment of the materialmen and laborers it was not concerned because its first mortgage lien, attaching prior to the commencement of construction work, would be preferred to mechanics' and materialmen's liens. (Code Civ. Proc., sec. 1186.)

With such payments appellant, on the other hand, was vitally concerned, for the liens provided by law for its protection would be secondary to the $50,000 first mortgage lien of the mortgage company. The allegations of the amended complaint show that appellant neither furnished services nor materials until after the contract of surety was written, conditioned upon the payment in full of the claims of all persons performing labor upon or furnishing materials to be used on the work.

The provision in the bond in reference to loss by reason of failure to complete the building clearly inured to the benefit of the mortgage company—that concerning the payment of materialmen did not. To give this latter clause effect (and it is to be remembered that "the whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable . . . " [Civ. Code, sec. 1641]), it must be held that it inured primarily to the benefit of the materialmen. Therefore, since it is alleged that appellant was one of the materialmen, appellant is entitled to sue upon the bond. And, it being further alleged that by agreement it furnished services and materials used in the construction of the building and that the same have not been paid for, its cause of action is completely stated.

The case of *French* v. *Farmer*, 178 Cal. 218 [172 Pac. 1102], we believe, fully supports the conclusion reached herein. There one Farmer, a contractor, agreed to build a wagon road for a railroad company. The National Surety Company executed a bond to the railroad company, conditioned upon the faithful performance by the said Farmer of his obligations under his contract with the railroad company, and upon his payment of all laborers and materialmen. In holding that the said French could recover under the bond against the surety company for goods and provisions furnished the contractor, the court said:

"The question is, then, squarely presented, whether or not there can be a recovery upon the bond based upon the condition thereof by a third person not a party thereto, where the bond does not by its terms expressly inure to the benefit of such third person, and the right to sue thereon is based entirely upon the theory that the third person is entitled to sue upon a promise made for his benefit. The supreme court of Texas, upon a bond identical in form, held that the surety could not be sued thereon by a third party. (*National Bank of Cleburne* v. *Gulf etc. Ry. Co.*, 95 Tex. 176 [66 S. W. 203].) This was upon the theory that the bond was one of indemnity to the Railway Company, containing no express agreement to pay such third person, and therefore he could not sue thereon. If we adopt this view we violate the fundamental principle that every part of a contract should be given some effect, for the Railway Company could not, in any event, be liable for 'goods' and 'provisions' furnished the contractor in carrying out its contract, nor in this case could there be any lien therefor, as the property upon which the work was done was government property. If, under the circumstances, any effect whatever is to be given to this clause in the condition of the bond, it must be held that it was the intention of the parties to benefit such third persons rather than the Railway Company, to whom the bond ran."

Likewise here the mortgage company could not in any event be held liable for the services and materials of mechanics and materialmen. Liens therefor could be filed but, as seen above, they would in nowise affect the mortgage company's security. On the contrary, their own effectiveness would be impaired by the existence of the prior lien.

Restating our conclusions in the language of the foregoing opinion, if any effect whatever is to be given to the clause in the bond in reference to the payment of materialmen it must be held that it was the intention of the parties to benefit such materialmen rather than the mortgage company, to whom the bond ran.

The judgment of dismissal is reversed and the cause remanded, with directions to overrule the demurrer.

Tyler, P. J., and Knight, J., concurred.