[Civ. No. 5098. Third Appellate District.—May 25, 1934.]

HENRY RAMEY, Respondent, v. FRANK HOPKINS et al., Appellants.

Mathes & Sheppard, James C. Sheppard and Winthrop O. Gordon for Appellants.

Henry Ramey, *in pro. per.*, and J. D. Bauer for Respondent.

PLUMMER, J.—The plaintiff had judgment in the sum of $1,021.03 against the defendants for and on account of the alleged failure to comply with the terms of a certain building contract entered into between the plaintiff and the defendant Frank Hopkins and a certain indemnity bond executed and delivered by the Central Surety and Insurance Corporation, a corporation. From this judgment the defendants appeal.

Upon this appeal three questions are tendered for our consideration, only one of which needs to be answered, to wit: May an obligee upon an indemnity against loss or damages, recover against the indemnitor without proving payment of the alleged loss or damage for which redress is sought? Paragraph 6 of the plaintiff's complaint is in the following words: "That on said contract plaintiff paid, or caused to be paid, credited and advanced to the said defendant, Frank Hopkins, the sum of nineteen hundred ninety-seven and 04/100 dollars ($1997.04) and further paid to complete the said contract on account of labor and materials the sum of one hundred twenty-one and 50/100 dollars ($121.50), and that plaintiff has become obligated to pay for and on account of labor and materials furnished to said job by said Frank Hopkins the sum of one thousand twenty-nine and 43/100 dollars ($1029.43), and has become obligated to pay on account of labor and materials in addition to the aforementioned sum of one hundred twenty-one dollars and 50 cents ($121.50), the sum of three hundred forty-five and 70/100 dollars ($345.70), all as required to complete the said job after the abandonment thereof by the defendant, Frank Hopkins; that by reason of the excess of the amount actually paid by plaintiff and obligated to be paid by plaintiff above the amount due said contractor on account of said job, the plaintiff has been damaged in

the sum of seventeen hundred eighty and 14/100 dollars ($1780.14).''

Paragraph No. XI of the findings of fact is as follows: ''That by reason of the facts and circumstances hereinbefore set forth, the total cost of the performance of said contract, in accordance with its terms, amounted to twenty-seven hundred and twenty-two dollars and six cents ($2722.06), all of which cost has been borne by the plaintiff, Henry Ramey, either in expenditures of money, or in becoming personally responsible, or his property being subjected to mechanics' liens for said amount. That under the contract the plaintiff, Henry Ramey, was only required to pay seventeen hundred and one dollars and three cents ($1701.03). That by reason of the facts aforesaid plaintiff, Henry Ramey, has been damaged in the sum of ten hundred and twenty-one dollars and three cents ($1021.03) and is entitled to judgment therefor.''

The agreement entered into between the plaintiff and the defendant Hopkins provided for the doing of certain work, payment of all claims, furnishing materials, etc., and to faithfully perform, all and singular, the terms of the agreement entered into between said parties.

The bond executed by the defendant surety company is conditioned as follows: ''Whereas, the principal has entered into a written contract, dated 24th August, 1929, with the obligee, for altering, repairing, painting, and putting in finished condition satisfactory to owner, the dwelling house and outbuildings and premises known and described No. 1178 Albany Street, Altadena, the real property being described as Lot 12, tract 1627, as per Maps Book 21, page 200, records of Los Angeles county, a copy of which is hereto annexed, and which contract is made a part hereof, as fully as if recited at length herein: Now, Therefore, the condition of this obligation is such, that if the principal shall indemnify the obligee against any loss or damage directly arising by reason of the failure of the principal to faithfully perform said contract, then this obligation shall be void; otherwise, to remain in full force and effect.''

On the part of the appellants it is contended that the obligation on the bond which we have recited makes it an indemnity contract against loss or damage, and is not an

insurance against liability or against any failure on the part of the contractor to fully complete the building agreed to be repaired, etc.

The contention of the respondent and the decision of the trial court is to the effect that the undertaking executed by the defendant insurance corporation went further than an indemnity against loss, and guaranteed the faithful performance of all the terms and conditions of the contract entered into between the plaintiff and the defendant Hopkins. The unambiguous language of the bond, however, seems to controvert the view taken by the respondent and also of the trial court.

Section 2772 of the Civil Code, defining "indemnity", reads: "Indemnity is a contract by which one engages to save another from the legal consequences of the conduct of one of the parties, or of some other person." And section 2778 of the same code, setting forth rules for interpreting an agreement of indemnity, contains the following in paragraph 2: "Upon an indemnity against claims or demands or damages or costs, expressly or in other equivalent terms, the person indemnified is not entitled to recover without payment thereof."

The complaint in this action does not allege payment, nor does the finding of the court from which its conclusions of law are drawn and predicated show payment of the sum for which judgment was entered. Both the complaint and the finding which we have set forth established the fact that liability only existed on the part of the plaintiff.

In 13 California Jurisprudence, page 987, the distinction between a bond against liability and an indemnity contract against loss or damages is clearly enunciated. We quote therefrom: "The distinction between an undertaking against 'liability' and the strict contract of indemnity against 'loss' is that between contracting that an event shall not happen, and contracting to indemnify against the consequences of the event if it should happen. A liability is not a damage, according to the signification of that term as employed in contracts of indemnity, and it has been said that courts have no authority to insert the term 'liability' in a contract, and then proceed to enforce the contract as they—but not the parties—have made it. A bond indemnifying a person

against loss and liability takes effect from its delivery, and its legality is to be determined by reference to the state of things then existing." And then, on page 991 of the same volume, section 12, the rule is clearly stated that the right of action upon a bond indemnifying against loss or damage accrues only, and at the time when the indemnitee suffers actual loss by being compelled to pay, and the actual payment of damages. The authorities cited in the footnotes so fully support the text which we have quoted that further attempts to distinguish between a bond insuring against liability and one insuring against loss or damages is unnecessary. Nor is it necessary to cite further authorities that before an action can be begun upon a contract of indemnity insuring against loss or damages the damages must have been paid as required by subdivision 2 of section 2778 of the Civil Code.

As against the authorities which we have cited the respondent calls our attention to several cases which, however, have had to do with undertakings containing conditions entirely different from the obligation set forth in the undertaking involved in the instant case. The condition in the bond executed by the appellant surety corporation obligates the corporation only to indemnify the obligee against loss or damage arising from the failure of the principal to faithfully perform the contract. It does not specify that the bond insures against any liability whatsoever; nor does it insure that the contractor shall faithfully perform or fulfill all the terms and obligations of his contract, but that if he fails to do so, and the plaintiff suffers loss or damage, then and in that case the duty becomes incumbent upon the surety to make compensation to the plaintiff.

In the case of *Ryan* v. *Shannahan et al.*, 209 Cal. 98 [285 Pac. 1045], relied upon by the respondent, the undertaking executed by the surety corporation contained the following provisions: "The condition of the above obligation is such that whereas, the principal has entered into a written contract with the above named obligee, dated January 23, 1925, to do and perform certain work on the branch line of the Union Pacific Railway Company, located in Clarke County, Nevada: Now, Therefore, if the principal shall well and truly keep and perform all of the terms, covenants and

conditions of the said contract to be by him completed and performed, and shall pay in full claims of all persons performing labor upon, or furnishing material to be used in such construction work, then this obligation shall be null and void; otherwise, to remain in full force and effect.'' Here, the obligation clearly insures not against loss, but against failure to do certain work, or failure to pay claims in full, and immediately upon the failure to complete the contract, or pay the claims, etc., either for material or labor. The obligation became effective and placed upon the surety corporation the duty of making payment according to the terms of its contract.

In *W. P. Fuller & Co.* v. *Alturas School District*, 28 Cal. App. 609 [163 Pac. 743], the condition of the undertaking is for the completion of the work contracted to be performed, and not against loss or damages. The condition of the bond reads as follows: ''The condition of the above bond is such that if the said bounden, A. E. Pearson, his heirs, executors and legal representatives, shall in all things stand true, and abide by and well and truly keep and perform the covenants, conditions, and agreements in that certain contract this day made and entered into by and between the said A. E. Pearson and the said Alturas Public School District, for the construction and completion of the Alturas Public School Building, as described therein, which the said A. E. Pearson, by said contract, has agreed to do and perform, and shall in all respects fully carry out and perform his part of said contract, as therein stipulated, then the above obligation shall be void; otherwise, to remain in full force and effect.''

In the case of *Eva* v. *Andersen,* 166 Cal. 420 [137 Pac. 16], the undertaking is of insurance against liability, and not against loss or damage.

The case of *Roberts* v. *Security T. & S. Bank,* 196 Cal. 557 [238 Pac. 673], insured the faithful performance of the work, and also insured against all loss or damage arising from the failure of the contractor to fully comply with the terms and conditions of his contract.

The distinction between an obligation insuring the faithful performance of contract, and one of indemnity only against loss, is clearly pointed out in the case of *Terry* v.

*Southwestern Building Co.*, 43 Cal. 366–371 [185 Pac. 212], and supports what we have said herein.

The conclusion, from what we have stated, seems unavoidable that no right of action upon the part of the plaintiff against the appellant surety corporation existed either at the time of the filing of the plaintiff's complaint, or the entering of judgment herein. This also disposes of the appeal taken by the plaintiff from the disallowance by the court of a certain item representing a credit instead of a payment in cash, allowed by the plaintiff to the defendant Hopkins.

The condition of the undertaking shows that it is clearly one of indemnity against loss or damages, and subdivision 2 of section 2778 of the Civil Code requires that such damages must be paid before recourse can be had upon such an undertaking. So far as the defendant Hopkins is concerned, his liability is clearly established, and no reason is suggested in any of the briefs on file as to why the judgment against him should be disturbed.

It is therefore ordered that the judgment against the defendant Frank Hopkins be, and the same is, hereby affirmed; also, the portion of the judgment appealed from by the plaintiff is affirmed; and the judgment against the defendant Central Surety and Insurance Corporation, a corporation, be, and the same is, hereby reversed.

Thompson, J., and Pullen, P. J., concurred.