**BUCK et al. v. KLEIBER MOTOR CO.***

No. 8618.

Circuit Court of Appeals, Ninth Circuit.

June 23, 1938.

Norman A. Eisner, of San Francisco, Cal., for appellants.

Edmund G. Brown, Harold C. Brown, and E. E. Mitchell, all of San Francisco, Cal., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a decree (1) refusing to declare certain preferred stock of the Kleiber Motor Truck Company, an Arizona corporation, to be the preferred stock of the appellee Kleiber Motor Company, a Nevada corporation; (2) denying damages for failure to perform an alleged agreement of the Motor Company to pay the preferred stockholders of the Truck Company par and accumulated dividends on the latter company's dissolution; and (3) declining to rescind a transfer of certain preferred shares of appellants Ducato and Mary Elizabeth Buck to the Motor Company in exchange for the Motor Company's common stock.

The Kleiber Motor Company, engaged in the manufacture, in California, of motor

trucks and automotive appliances, had both common and preferred stockholders. In January and February, 1926, more than a majority of these stockholders of both classes decided at stockholders' meetings in California to create a Nevada corporation, the appellee Kleiber Motor Company, having only common stock, and transfer to it all the assets and business of the Truck Company in return for the issuance of the common stock of the Motor Company to the holders of common and preferred in the Truck Company. The Truck Company preferred was to be exchanged for the Motor Company common, share for share.

The only consideration which the Truck Company was to receive and, in fact, did receive, when, in March, 1926, all of its assets and business were transferred to the Motor Company was the latter's agreement to assume all the Truck Company's liabilities. The Motor Company's answer admits the allegation of the complaint that after the transfer of all the Truck Company's assets and assumption of its liabilities, about March 2, 1926, it was but a "shell". The complaint alleges:

### "XII.

"That after the transfer of all assets to, and the assumption of all its liabilities by, said Kleiber Motor Company, said Kleiber Motor Truck Co. remained nothing but a shell and was dissolved."

And the answer admits:

### "V.

"This defendant admits the allegations of Paragraph XII."

It is admitted that the transaction was not authorized either by the Truck Company's articles of incorporation or the Arizona law. The appellants duly protested at the stockholders' meeting of the Truck Company and since then have refused to exchange their preferred for the Motor common.

■ Concerning the agreement of the Motor Company to assume the "liabilities" of the Truck Company, both the appellants and the Motor Company for several years were agreed that the liabilities assumed included the liabilities of the Truck Company to its preferred stockholders, under their contract with the Truck Company created by its articles of incorporation. We agree that this is the reasonable and proper interpretation of the Motor Company's agreement with the Truck Company for taking all the assets of the Truck Company, i. e., its agreement to assume the latter's "liabilities", including the liabilities to the preferred stockholders, and that the Motor Company is bound by it.

The Truck Company's articles agreed to pay out of earnings an 8 percent dividend on its $10 par preferred stock. The dividends were cumulative. On dissolution the company agreed to pay the preferred stockholders[1] $10 per share, plus the accumulated dividends.

The transfer of the Truck Company's assets was made early in 1926. On August 30, 1926, that is, at the time for the first preferred dividend after the transfer of the assets, the Motor Company wrote appellant Walter Buck, enclosing a check equivalent to 4 percent dividend on his stock, as follows:

"Dear Mr. Buck:

"The writer had an interview with you today and promised to send your check for dividends on your stock in the Kleiber Motor Truck Co., so Walter, enclosed please find the amount of money due you to July first at 4% semi-annually.

"Very truly yours,
"Kleiber Motor Company,
"Per Paul Kleiber."

---

[1] "Article III

"The capital stock of said corporation shall be Three Million ($3,000,000.00) Dollars divided into 300,000 shares of the par value of $10.00 each, all of which shall be paid for at such times and in the manner as the Board of Directors shall designate. The said capital stock shall be divided into two classes to-wit: preferred and common stock.

"Of said stock 150,000 shares amounting to $1,500,000 shall be common stock, each share of the par value of $10.00 and 150,000 shares amounting to $1,500,000, each of the par value of $10.00 shall be preferred stock; said preferred stock shall entitle the holder thereof to receive out of the net earnings, and the corporation shall be bound to pay a fixed yearly cumulative dividend of eight per cent per annum, but not more, payable annually before any dividend shall be set apart or paid on the common stock.

"The preferred stock shall be issued as and when the Board of Directors may determine, but the holders thereof, in case of liquidation or dissolution of the Company, shall be paid in full at the par value of their said shares and the accrued dividends, before any amount shall be paid to the holders of the common stock."

From August, 1926, to February 1, 1931, the Motor Company paid the equivalent of 80 cents a share per annum in semi-annual 4 percent payments on each share of appellants' preferred stock. The Motor Company's minutes of its directors' meeting of February 20, 1931, providing for the last payment of the preferred dividend to the Truck Company's preferred stockholders, show the statement of Mr. Kleiber, the President and General Manager of the Motor Company, to its directors, and inducing their resolution as follows:

"Mr. Kleiber announced that the board of directors of Kleiber Motor Company should authorize payment to the Kleiber Motor Truck Co. of a sum sufficient to meet the dividends on the preferred stock of the latter company which this company assumed to pay."

"Resolved that Kleiber Motor Company pay to Kleiber Motor Truck Co. and the stockholders of the latter company the preferred stock dividends on 4093 preferred shares outstanding."

In 1931, the great depression was on and appellants, realizing this, made no further demand for their dividends until October, 1935. They then learned that in June, 1934, the Truck Company had been dissolved and within two years thereafter they commenced this suit.

The lower court denied the relief of requiring recognition of the Truck Company's preferred as that of the Motor Company. The Motor Company could not have done this without amendment of its articles and too many stockholding interests had intervened to grant such relief in a suit commenced ten years after the illegal transfer of the Truck Company's assets. Such relief has long since been barred by the statute and laches.

So also has become barred the undoubted right of the appellants first to demand of the Truck Company that it rescind the transaction and have restored to it the transferred property and continue the business and, on its refusal, begin a stockholders' suit for that purpose. This is an expensive proceeding, which might involve years of litigation.

The lower court erroneously assumed that the appellants had no other remedy. It failed to recognize that they might accept the situation and rely on the promise of the Motor Company to carry out the obligations of the Truck Company, which the transfer of its assets prevented the Truck Company from itself performing.

The agreement for the transfer and assumption by the Motor Company of the Truck Company's obligations was made in California and, being for the benefit of the obligees of the Truck Company, also California residents, the preferred holders, though third parties, could sue the Motor Company upon any obligation of the Truck Company to them. Civil Code of Cal., § 1559. Woodhead Lumber Co. v. Niemann Investments, 99 Cal.App. 456, 459, 278 P. 913.

One of the obligations of the Truck Company to the preferred stockholders arose from the provision of the Truck Company's articles of incorporation that the preferred stockholders "in case of liquidation or dissolution of the company, shall be paid in full at the par value of their said shares and the accrued dividends, before any amounts shall be paid to the holders of the common stock". (See footnote, supra.)

This was a liability assumed by the Motor Company at the time of the transfer of the assets. It was like any other obligation of the Truck Company assumed by the Motor Company, such as, say, to deliver to some retailer a hundred trucks a year for ten years. Neither would be breached until non-performance at the time agreed for performance. There might be a suit upon an anticipatory breach, but this is at the option of the obligee. He may wait the breach at the future date of the promised performance.

Here the admitted date of dissolution, some time in June, 1934, was the time for performance by the Motor Company of the Truck Company's obligation to pay par and accrued dividends to the preferred stockholders. The Motor Company denied liability. The bill of complaint was filed on June 11, 1936, within the statutory time after the breach of the contract.

There should be a decree for the amount of $10 per share, plus accumulated dividends and interest from June 30, 1934, due on the preferred stock in Walter Buck's name, 187 individually and 748 shares as executor of the Estate of Mary M. Buck.

As to the 187 shares of common stock of the Motor Company now held by Marie Ducato and Mary Elizabeth Buck, the portion of the decree denying a rescission of the transaction by which they obtained the

Motor common should be affirmed and the relief denied. The findings are convincingly supported by the evidence.

As indicated, the decree is in part affirmed and in part reversed.