[Civ. No. 24683. First Dist., Div. Two. Aug. 18, 1970.]

ROSALIE D. LINCOLN et al., Plaintiffs and Appellants, v. NAROM DEVELOPMENT CO., Defendant and Respondent.

622

## Counsel

David Livingston for Plaintiffs and Appellants.

Haley, McInerney & Dillon, Haley, McInerney, Dillon & Karst and Alexander Karst for Defendant and Respondent.

## Opinion

**DAVID, J.\*** — The individual plaintiffs and appellants comprise a partnership doing business as Dallman Supply Company. The defendants and respondents are a partnership doing business as Narom Development Co. Third parties concerned but not joined in the lawsuit are C. R. Adams and Anna G. Adams, his wife. Plaintiffs appeal from a judgment decreeing that a certain indemnity agreement with defendant is terminated, and that no declaratory relief is available for want of an existing controversy. This appeal itself evidences the invalidity of that conclusion.

On October 2, 1959, Narom purchased a parcel of land in San Leandro, and since it was without access by road, at the same time secured from the Adams a nonexclusive easement for passage over their adjoining property.

This right was evidenced by a recorded agreement, by which the non-exclusive easement was granted upon condition of continuous performance by Narom and its successors in interest of covenants and conditions subsequent, the right of reentry being reserved for breach of the same, including: (1) the construction within one year of a 30-foot blacktop road, in no event to be constructed of less than six inches of rolled rock, surfaced with two inches of blacktop; meeting the specifications required by the City of San

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

Leandro; (2) maintenance of said roadway; and (3) holding the Adams harmless from damage resulting from construction and/or drainage of the roadway. The Adams reserved the right to dedicate the roadway to the City of San Leandro. Furthermore, it provided that a $10,000 performance bond be posted, insuring completion of the work; and that a certificate of public liability insurance be secured, naming the Adams as additional insured.

A road was constructed. The trial court found that, on the one hand, the road was constructed as agreed in all respects, but on the other, that the City of San Leandro had no specifications for private roadways and could therefore neither inspect nor approve the road. Since the grant contemplated that the roadway would be offered to the city for dedication, it is quite probable that it was intended that the roadway should conform to the requirements for the established public streets of that city, hence expediting possible dedication. On September 17, 1963, the Adams gave notice to Dallman and Narom that the roadway was not as covenanted, and that unless the conditions were fulfilled or payment was made for other permissive use of the roadway, they would terminate the right of way.

In the meantime, Narom had sold their property with the right of way to appellants Dallman, and in connection with the sale, covenanted to indemnify Dallman for a period of two years from the date of the agreement, November 28, 1962, from any claim or demand of Adams under the covenants and conditions of the grant of easement, including any arising from the construction of the roadway. Accordingly, Dallman turned the notice over to Narom.

The notice was "that unless said covenants and conditions are within 30 days from date hereof complied with to the end that the roadway provided to be constructed is so constructed that upon its completion the City of San Leandro will accept its dedication as a roadway as contemplated, or 2. In the alternative unless an acceptable sum is paid for the right to use said non-exclusive right of way, our clients will upon the expiration of said period terminate all rights granted pursuant to the terms of said Agreement."

█ The agreement expressly provided for termination upon any breach of conditions subsequent. These covenants and conditions ran with the land, and reverter can be declared for any breach. (*Los Angeles Athletic Club* v. *Harbor Comrs.* (1933) 130 Cal.App. 376, 387 [20 P.2d 130].) █ A primary assumption of Narom, apparently accepted by the trial court, was that the transfer to Dallman relieved Narom of its own liability for performance under the agreement. Such is not the law; Narom continues to be bound. (*Grange Co.* v. *Simmons* (1962) 203 Cal.App.2d 567, 573

[21 Cal.Rptr. 757]; *Quatman* v. *McCray* (1900) 128 Cal. 285, 292-293 [60 P. 855].)

Narom entered into an agreement with the Adams, wherein they agreed not to bring any action for breach of the agreement prior to December 1, 1964, reserving their rights to enforce all the covenants after that date.

■ An extension of time within which to perform a condition, but preserving all rights thereunder, is not a waiver of the condition. (*Firth* v. *Los Angeles Pac. Land Co.* (1915) 28 Cal.App. 399, 404 [152 P.2d 935].) ■ After a breach of condition subsequent, and the right to declare a reverter arises, such right is not governed by the statute of limitations. The grantor has a reasonable time after breach of condition subsequent to declare a forfeiture. (*Aller* v. *Berkeley Hall School Foundation* (1940) 40 Cal.App.2d 31, 37 [103 P.2d 1052], wherein the plaintiff was held entitled to enforce the reverter 12 years after performance was due.) The parties here misconceive the nature of Adams' rights. ■ The Adams may sue in declaratory relief to secure a judgment that reverter has taken place, the suit itself being in effect a reentry; or physically may reenter and take possession, after the required notice of Civil Code section 791. (*Jordan* v. *Talbot* (1961) 55 Cal.2d 597, 608 [12 Cal.Rptr. 488, 361 P.2d 20, 6 A.L.R.3d 161].) ■ Though the time specified for performance of the condition has passed, the grantee may not quiet title against the grantor. (*Stockton* v. *Weber* (1893) 98 Cal. 433, 441 [33 P. 332].)

■ Where there has been a breach of a condition subsequent, the defaulting grantee must reconvey the property to the grantor or successors, by grant deed, duly acknowledged for record. (Civ. Code, §§ 1109 and 1438, interpreted in *Parsons* v. *Smilie* (1893) 97 Cal. 647, 657-658 [32 P. 702].)

■ In an action between the grantor and grantee, it is competent for the grantee to urge that the right has been waived or that the grantor is estopped to assert it. (*Los Angeles etc. Land Co.* v. *Marr* (1921) 187 Cal. 126, 133 [200 P. 1051]; *Los Angeles Athletic Club* v. *Harbor Comrs., supra,* 130 Cal.App. 376, 393.)

■ In this action the finding that Adams waived their rights is in the teeth of their agreement with Narom that they did not, and is unsupported by the evidence.

The original agreement with the Adams, as indicated by their notice of non-performance, is subject to the interpretation that it calls for construction of the roadway to the city requirements for dedicated streets; while Narom

claims performance, in the absence of city specifications for private streets and city inspection of them. The agreement between the Adams and Narom preserving all rights but agreeing to refrain from suit to enforce them for two years, is subject to various reasonable interpretations, such as an extension of time granted Narom for compliance, the payment made being to secure such forbearance; or in view of the notice, given as compensation for the temporary right to use the roadway nonexclusively. It does not support a construction that it was the waiver of the right, and acceptance of the roadway as constructed.

Although the judgment improperly considered Adams' rights in absentia, the court did have jurisdiction to consider the relationship of appellants and respondents *inter se*. (*People* v. *Superior Court* (1969) 1 Cal.App.3d 167 [81 Cal.Rptr. 555].)

In the face of a declared forfeiture, one may be relieved of the forfeiture upon making full compensation to the other party, where the quantum of compensation is ascertainable. (Civ. Code, § 3275; *Parsons* v. *Smilie, supra,* 97 Cal. 647, 654-657.) Since the law seeks to avoid forfeitures, the equitable solution if any breach of the condition was found to exist, might well be to require the construction to be brought to the standard contemplated, when that is definitely ascertained. (Cf. 14 Cal.Jur.2d, Covenants, etc., § 58, p. 68.)

Though there were compromise negotiations between Narom and the Adams, which if carried through would have satisfied their claim completely, they were not effectuated, and since they do not bind the Adams, they are not pertinent to this controversy. Such evidence was not properly admitted against Dallman.

The conclusion is, that the Adams still retain the right and power to declare a forfeiture and to reenter and take possession of the easement, if in fact there has been a failure to comply with the construction requirements, construed as intended by the parties when made. The covenant to construct is a continuous one. Viewed only as a contract, statutes of limitation might apply. But forfeiture for breach of condition is not so limited. Waiver, laches and other such defenses to forfeiture must be asserted against the grantors. These defenses cannot be determined solely between these present parties.

Both Narom and Dallman being bound by the conditions subsequent, if either by appropriate action should defend against forfeiture and avoid it by

such performance as equity might decree, the other might be liable for contribution. (Civ. Code, §§ 1431, 1432.)

This leads us to consideration of the indemnity agreement between Narom and Dallman. In this, the provisions of Civil Code section 2778 are pertinent.

The Dallman Supply Company, referred to herein as Dallman, on February 6, 1963 acquired title to the property to which the roadway easement is appurtenant, and the roadway easement, through the intermediary, the East Bay Title Co., Dallman claims the benefit of an indemnity agreement executed on November 28, 1962 by Narom, providing that Narom indemnified the East Bay Title Co., or its transferee, in relation to the property conveyed, "from any claim or demand of C. R. Adams or Anna G. Adams regarding the construction of or the maintenance by Narom to November 29, 1962, of the roadway provided for in the agreement dated October 2, 1959, between C. R. Adams, Anna G. Adams and Narom. This indemnity shall include any attorneys' fees that may be incurred in connection with a claim or demand made by the aforementioned C. R. Adams and Anna G. Adams.

"NAROM reserves the right, at its own expense and costs, to contest any such claim or demand that it deems improper and to submit such claim or demand to judicial review.

"THIS indemnity agreement will not be effective unless East Bay Title Co., or its transferee, promptly notified Narom of any such claim or demand . . . ."

On September 19, 1963, Narom was notified of the claim and demand evidenced by the notice of breach given by Adams on September 17, 1963, as noted above.

The actual controversy here under Code of Civil Procedure section 1060 concerns the meaning and applicability of the indemnity agreement. As we hold there is no basis to find any waiver by the Adams of the rights reserved under the conditions of the easement, and their agreement with Narom did not withdraw the contention there was noncompliance with the obligation to construct as provided, Dallman is entitled to the protecion of the indemnity agreement. The alleged deficiency existed during the term of the agreement; the demand of the Adams was not abandoned, but only legal action was withheld. (Cf. *First Thrift* v. *Pacific Indem. Co.* (1949) 95 Cal.App. 2d 460, 462 [212 P.2d 560].)

Due to the nature of the indemnity, no claim of Dallman could be barred before the right arises. There would be no right until Dallman was forced to defend, or to spend funds in any performance required to avert forfeiture. (Civ. Code, § 2778, subd. 2; *Ramey* v. *Hopkins* (1934) 138 Cal.App. 685, 688 [33 P.2d 443]; *Thode* v. *McAmis* (1950) 96 Cal.App.2d 833, 836-837 [216 P.2d 548]; *United States Fid. & Guar. Co.* v. *Smith* (1929) 97 Cal.App. 492 [275 P. 878], counsel fees.) Therefore, no statute of limitations has run. (*United States Fid. & Guar. Co.* v. *Smith,* at p. 497.)

Being protected by the indemnity agreement, Dallman was not bound to enter into any contract with Narom and Adams to induce the latter to waive the construction requirements.

In the indemnity agreement it was provided, "NAROM reserves the right, at its own expense and costs, to contest any such claim or demand that it deems improper and to submit such claim or demand to judicial review."

The judgment is reversed, with directions to amend the findings and conclusions of law to conform to this opinion; and thereafter, to enter judgment, decreeing that plaintiffs are entitled to indemnity from defendant from any claim or demand of C. R. Adams and Anna G. Adams based upon breach or noncompliance with the terms of the right-of-way agreement validly existing or arising in the two-year period which the agreement of November 28, 1962 prescribed.

Shoemaker, P. J., and Taylor, J., concurred.

A petition for a rehearing was denied September 17, 1970, and the opinion was modified to read as printed above.